**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1272
_____

UNITED STATES OF AMERICA

v.

JERRY FRUIT,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-16-00341-001)
District Judge:  Honorable John E. Jones III

_____

Submitted on a Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 29, 2021
Before:  MCKEE, GREENAWAY, Jr., and BIBAS, Circuit Judges

(Opinion filed: June 25, 2021)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Jerry Fruit appeals from the District Court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1), and the order denying

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

his motion for reconsideration.  Because the appeal raises no substantial question, we will grant the Government's motion for summary affirmance.

In 2018, Fruit pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §846, and possession with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §841.  The District Court sentenced Fruit to a mandatory prison term of 120 months for his drug convictions, imposed consecutive to another federal sentence.  We affirmed on appeal.  United States v. Garner, 961 F.3d 264, 275 (3d Cir.), cert. denied sub nom. Fruit v. United States, 141 S. Ct. 687 (2020).

In October 2020, Fruit filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  He sought release from prison because of an alleged high risk of serious illness from COVID-19, due to his medical conditions (obesity, high cholesterol/coronary artery disease, and angina).  The District Court denied his motion, noting that Fruit's medical conditions were being treated and managed and that as of the date of the order, risk of infection was minimal, as there were "zero active inmate cases of COVID-19 at the USP-Lewisburg Prison Camp," and "four active staff cases."  Order, Dkt. #212 at 4. The District Court concluded that Fruit had "not demonstrated 'extraordinary and compelling circumstances' warranting compassionate release."  Id.  The Court also determined that the factors of 18 U.S.C. § 3553(a) did not favor release, either, as Fruit had "a notable criminal history" and had demonstrated "a considered disrespect for the law and a failure to learn from his prior federal convic[]tion and incarceration."  Id.

2

Fruit timely moved for reconsideration.[1]  Dkt. #214.  Fruit asked the Court to reconsider, noting that he had gained nearly ten pounds because of his inability to exercise under COVID-19 restrictions.  Fruit also noted that the number of active staff cases had increased to seven.  He argued that the prison's report of "zero active inmate cases" was attributable to a failure to test inmates.  Id. at 3.  Fruit agreed that his criminal record suggested that he posed some level of danger to the community, given his recidivism, but he argued that release was still warranted, given his medical vulnerability. Id. at 4.

The District Court denied the motion for reconsideration.  The Court acknowledged that the number of active COVID-19 cases at USP-Lewisburg Camp had increased, but also noted that infected inmates[2] had been isolated, and that the prison

---

[1] The District Court's order denying his motion for compassionate release was entered on November 24, 2020.  When Fruit appealed, it was not clear whether his motion for reconsideration had been timely filed, as it was docketed on December 10, 2020.  See United States v. Gomez-Gomez, 643 F.3d 463, 471 (6th Cir. 2011).  But when we advised Fruit that we would consider whether his appeal was untimely, he submitted a declaration under penalty of perjury that he had deposited his motion for reconsideration in the prison's outgoing mailbox on December 7, 2020.  His declaration satisfies the requirements of Fed. R. App. P. 4(c)(1)(A)(i) and Rule 4(c)(1)(B).  Thus, we now consider his motion for reconsideration to have been timely filed on December 7, 2020, 13 days after the District Court's November 24 order.  And his notice of appeal, postmarked on February 9, 2021, 13 days after the District Court's order denying his motion for reconsideration, is also timely.  See Fed. R. App. P. 4(b)(3)(A); Fed. R. App. P. 4(c)(1)(A)(ii).

[2] Although Fruit mentioned no inmate cases in his motion for reconsideration, he then sent the Court a letter informing it of an "outbreak" at Lewisburg Camp.  The Government informed the Court that "as of December 30, 2020," there were "a total of 45 active COVID-19 cases involving inmates associated with the camp," but that all

3

reported that "all of the infected inmates were due to clear isolation by January 6, 2021."

Dkt. #223 at 1. The District Court added that "nothing has altered our previous finding

that the Defendant's pronounced and recidivist criminal history demonstrates that he is a

danger to the community." Id. Fruit appealed. The Government then moved for

summary affirmance. Fruit filed his opening brief, which we will consider as a response

in opposition to summary action.

We have jurisdiction under 28 U.S.C. § 1291.[3] We review the District Court's

order for abuse of discretion: "we will not disturb the District Court's decision unless

there is a definite and firm conviction that it committed a clear error of judgment in the

conclusion it reached upon a weighing of the relevant factors." United States v.

Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (alteration, internal quotation, and citation

omitted). We will take summary action if the appeal presents "no substantial question."

3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We will grant the Government's motion. The compassionate-release provision

states that a district court "may reduce the term of imprisonment" and "impose a term of

probation or supervised release" if it finds that "extraordinary and compelling reasons

warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate

---

would be cleared from isolation by January 6, 2021, "barring the development of any additional signs or symptoms of COVID." Dkt. #221 at 2-3 (quoting status report from the prison). The status report also said that "all of the cases associated with the camp have been very mild, with the bulk of them being asymptomatic." Id. at 3.

[3] Fruit's appeal is timely, as explained in n.1 supra.

release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)–(C).

Even assuming that Fruit's medical conditions were sufficiently severe to warrant compassionate release, we discern no abuse of discretion in the District Court's conclusion that the § 3553(a) factors weighed strongly against granting such relief. Indeed, Fruit appears to concede that his criminal record supports a conclusion that he remains a danger to the community. Fruit argues that his sentence is unduly harsh, but his sentence was statutorily mandated.[4] We therefore do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Pawlowski, 967 F.3d at 330 (alteration omitted) (quoting Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)).

For these reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.

---

[4] Fruit has served about half of his sentence—the District Court notes that his projected release date is in May of 2026. Order, Dkt. #212 at 4.